## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas Dozier et al.

v.

L. Parker et al.

October 31, 2000

Case No. (Law) 185891

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me for trial on September 27, 2000, without a jury. At the conclusion of the trial, I took the case under advisement to consider whether to grant the defendants' motion to add the statute of limitations as an affirmative defense. That motion is denied, and judgment is awarded to the plaintiff as reflected below.

Plaintiff filed his motion for judgment on January 31, 2000. Defendants, *pro se*, filed their answer and grounds of defense on February 23, 2000. Their answer failed to raise the statute of limitations as an affirmative defense. A Status Conference Order was entered on April 13, 2000; counsel for the plaintiff and Mr. Parker both attended and endorsed the order. Among other matters, the order required the parties to file witness and exhibit lists at least fifteen days before trial. Plaintiff did so; defendants did not do so. Over the objection of plaintiff's counsel, I allowed the defendants to testify at trial and to introduce as exhibits certain documents they had produced in discovery because I found the plaintiff would not be prejudiced.

In his opening statement at trial, Mr. Parker raised the issue of the statute of limitations. I treated his doing so as a motion to add the statute of limitations as an affirmative defense. Plaintiff objected to the motion, and I took it under advisement. Both sides were invited to file a post-trial memorandum on the motion.

The motion to add the statute of limitations as an affirmative defense is denied. There is no reason that the defense could not have been raised at the outset of this case. That the defendants are appearing pro se should not be a basis for me to ignore all of the requirements imposed on represented parties. Most importantly, I find that an analysis of the case shows that the raising of the defense of the statute of limitations would not result in any different outcome.

This case involves the failure of the defendants to make certain payments due under a written lease for the past ten years. Certain payments were not made at all; others were made late. If applied, the statute of limitations may well bar obligations more than five years old. But the law of Virginia would allow the plaintiff and would require this court to apply payments made by the defendants in the past five years to the earliest obligations of the defendants, including those obligations otherwise barred by the statute of limitations. "The general rule governing the application of payments is that a debtor has the right to specify the account to which the payment is to be applied, and if he fails to do so the creditor may make the application. If the parties fail to make an application to a specific account the law applies the payment to extinguishment of the earliest item." *Loan Association v. Kendall Co.*, 205 Va. 136, 145, 135 S.E.2d 178 (1964). Credits made on an account shall be applied to the oldest portion of the debt, even if those portions would otherwise be barred by the statute of limitations. 14B Michie's Jurisprudence, *Payment*, § 26 at 29-30 (Divine and Ernest 2000). The defendants made no election or directive as to how their payments should be applied. As a result, the defense of the statute of limitations is of no practical value to the defendants.

Plaintiff seeks judgment for unpaid rent and late fees totaling $23,336.57, as well as attorneys' fees and costs. Plaintiff's request for late fees is disallowed as to $2,051 (twenty-three months at the rate of $58.75 per month, and ten months at the rate of $70 per month). For those months the payments were made on time, were made in advance, or already included a late fee in the payment amount. Judgment is therefore awarded to the plaintiff against the defendants for unpaid rent and late fees in the amount of $21,285.57.

Plaintiff seeks an award of attorneys' fees arising out of the instant litigation (and the projected costs to enforce their judgment) and an earlier general district court action for possession of the premises. I award the plaintiff attorneys' fees in the amount of $6,074.50. That amount consists of $4,474.50 of the fees incurred through trial in the instant case and an allowance of eight hours of time projected to enforce the judgment. No fees are allowed arising out of the general district court action; if desired, they should have been sought in that proceeding.

Filing and service fees totaling $42 are also allowed. Fees for a commissioner in chancery if needed to enforce the judgment are part of post-judgment costs that may be recovered but will not be awarded here in advance.